IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AND TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA**<br><br>Plaintiffs,<br><br>v.<br><br>**PERKINS MANAGEMENT SERVICES COMPANY,**<br><br>Defendant. | **COMPLAINT** |

NOW COME Plaintiffs Travelers Property Casualty Company of America ("Travelers Property") and Travelers Casualty Insurance Company of America ("Travelers Casualty"), by and through the undersigned counsel, complaining of Defendant Perkins Management Services Company, and allege as follows:

PARTIES

1. Travelers Property is a corporation incorporated under the laws of State of Connecticut with its principle place of business in Hartford, Connecticut. It is licensed by the State of North Carolina as an insurance company authorized to issue insurance policies.

2. Travelers Casualty is a corporation incorporated under the laws of State of Connecticut with its principle place of business in Hartford, Connecticut. It is licensed by the State of North Carolina as an insurance company authorized to issue insurance policies.

3. Defendant is a corporation incorporated under the laws of the State of North Carolina. It has a place of business in Mecklenburg County, North Carolina at 7730 England

1

Street, Suite A, Charlotte, NC 28273-5919. It has a registered office in Wake County, North Carolina at 160 Mine Lake Court, Suite 200, Raleigh, NC 27615-6417.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiffs, Connecticut citizens for purposes of 28 U.S.C. § 1332, and Defendant, a North Carolina citizen for purposes of 28 U.S.C. § 1332, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in North Carolina and the insurance policies at issue were delivered in North Carolina.

## FACTUAL ALLEGATIONS

### The WC Policies

6. Travelers Property issued Defendant a workers compensation insurance policy, policy number UB-5J972880-17-42-G for the period October 15, 2017 to October 15, 2018 (the "2017–2018 WC Policy"). The 2017–2018 WC Policy is attached hereto as Exhibit A and is incorporated herein by reference.

7. Defendant renewed its workers compensation insurance policy, policy number UB-5J972880-18-42-G, with Travelers Property for the period of October 15, 2018 to October 15, 2019 (the "2018–2019 WC Policy").

8. Per the terms and conditions contained in the insurance contract, the WC Policies provided workers compensation insurance as required by the workers compensation laws of North Carolina.

2
62054839.v1
Case 3:21-cv-00609-GCM   Document 1   Filed 11/10/21   Page 2 of 8

9. The WC Policies provide that all premium for such policy would be determined by Travelers Property's manual of rules, rates, rating plans and classifications. *See* Ex. A, at Part Five(A).

10. The WC Policies provide Defendant will pay all premium when due. *See* Ex. A, at Part Five(D).

11. The WC Policies' Premium Due Date Endorsement provides that the due date for audit and retrospective premiums is the date of the billing. *See* Ex. A, at Premium Due Date Endorsement, Part Five(D).

12. The WC Policies provide that the final premium for such policy would be determined after such policy ends by using the actual premium basis and the proper classifications and rates that lawfully apply to the business and work covered by such policy. *See* Ex. A, at Part Five(E).

13. The WC Policies provide that Defendant would keep records of information needed to compute premium, and would provide Travelers Property with copies of those records when requested. *See* Ex. A, at Part Five(F).

14. The WC Policies provide that Defendant would let Travelers Property examine and audit its records that relate to such policy in order to determine final premium. *See* Ex. A, at Part Five(G).

15. As demonstrated in the March 20, 2020 Premium Adjustment Notice, Travelers Property's revised audit of the 2017–2018 WC Policy ultimately resulted in $21,747.32 in additional premium due. The Premium Adjustment Notice is attached hereto as Exhibit B and is incorporated herein by reference.

16. Defendant never paid Travelers Property the $21,747.32 in additional premium due under the 2017–2018 audit.

17. The 2018–2019 WC Policy was canceled effective June 24, 2019, for non-payment of premium.

18. As demonstrated in the March 24, 2020 Premium Adjustment Notice, Travelers Property's cancellation audit of the 2018–2019 WC Policy ultimately resulted in $52,968.44 additional premium due. The Premium Adjustment Notice is attached hereto as Exhibit C and is incorporated herein by reference.

19. Defendant never paid Travelers Property the $52,968.44 in additional premium due under the 2018–2019 cancellation audit.

20. As a result of these audits, Defendant owes Travelers Property $74,715.76 in earned premium due under the WC Policies.

21. On July 29, 2021 and August 12, 2021, Travelers Property sent another letter demanding that Defendant pay the $74,715.76 owing under the terms and requirements of the WC Policies. The Demand Letters are attached hereto as Exhibits D and E and are incorporated herein by reference.

22. Defendant still owes Travelers Property $74,715.76 for outstanding premium under the WC Policies.

23. Despite Travelers Property's demand that Defendant pay the aforesaid balance that remains due and owing under the terms and requirements of the WC Policies, the balance has not been paid.

## The Auto Policies

24. Travelers Casualty issued Defendant a commercial automobile insurance policy, policy number BA-1H585230-17-SEL (the "2017–2018 Auto Policy"), for the period of April 30, 2017 to April 30, 2018. The 2017–2018 Auto Policy is attached hereto as Exhibit F and is incorporated herein by reference.

25. Pursuant to the terms and conditions contained in the insurance contract, the 2017–2018 Auto Policy provided commercial automobile insurance.

26. For the 2017–2018 Auto Policy, the provisional premium due was $36,217.00. The initial premium deposit represented an estimated premium based upon information provided by Defendant to Travelers Casualty and calculated in accordance with rates on file with the North Carolina Rate Bureau. *See* Ex. F.

27. As demonstrated in the March 28, 2017 Change Endorsement, Defendant requested changes to the 2017–2018 Auto Policy, which resulted in an additional premium due of $2,589.00 under the 2017–2018 Auto Policy. The Change Endorsement reflecting the coverage change and corresponding premium is attached hereto as Exhibit G and is incorporated herein by reference.

28. As demonstrated in the July 13, 2017 Change Endorsement, Defendant requested changes to the 2017–2018 Auto Policy, which resulted in an additional premium due of $2,484.00 under the 2017–2018 Auto Policy. The Change Endorsements reflecting the coverage changes and corresponding premiums are attached hereto as Exhibit H and are incorporated herein by reference.

5
62054839.v1
Case 3:21-cv-00609-GCM   Document 1   Filed 11/10/21   Page 5 of 8

29. As demonstrated in the December 28, 2017 Change Endorsement, Defendant requested additional changes to the 2017–2018 Auto Policy, which resulted in an additional premium due of $1,615.00 under the 2017–2018 Auto Policy. *See* Ex. H.

30. As demonstrated in the January 4, 2018 Change Endorsement, Defendant requested additional changes to the 2017–2018 Auto Policy, which resulted in an additional premium due of $2,703.00 under the 2017–2018 Auto Policy. *See* Ex. H..

31. In total, for the 2017–2018 Auto Policy, the provisional premium and change endorsements resulted in $45,608.00 in earned premium due. *See* Ex. F, Ex. G, Ex. H.

32. Defendant made payments totaling $37,005.10 for the 2017–2018 Auto Policy, resulting in $8,602.90 in outstanding earned premium.

33. Defendant never paid Travelers Casualty the $8,602.90 in outstanding due under the 2017–2018 Auto Policy.

34. Defendant renewed its commercial automobile insurance policy, policy number BA-1H585230-18-SEL, with Travelers Casualty for the period of April 30, 2018 to April 30, 2019 (the "2018–2019 Auto Policy")

35. The 2018–2019 Auto Policy was canceled effective July 1, 2018, for non-payment of premium. The Cancellation Change Slip is attached hereto as Exhibit I and is incorporated herein by reference.

36. As demonstrated in the July 11, 2018 Cancellation Change Slip, Defendant owes Travelers Casualty $10,514.00 in earned premium due under the 2018–2019 Auto Policy for the period of April 30, 2018 through July 1, 2018. *See* Ex. I.

37. Defendant never paid Travelers Casualty the $10,514.00 in outstanding due under the 2018–2019 Auto Policy.

6

62054839.v1

Case 3:21-cv-00609-GCM   Document 1   Filed 11/10/21   Page 6 of 8

38. In total, Defendant owes Travelers Casualty $19,116.90 in earned premium due under the Auto Policies.

39. On July 29, 2021 and August 12, 2021, Travelers Casualty sent another letter demanding that Defendant pay the $19,116.90 in earned premium due under the Auto Policies. *See* Ex. D, Ex. E.

40. Defendant still owes Travelers Casualty $19,116.90 for outstanding premium under the Auto Policies.

41. Despite Travelers Casualty's demand that Defendant pay the aforesaid balance that remains due and owing under the terms and requirements of the Auto Policies, the balance has not been paid.

FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT (WC POLICIES)

42. The allegation contained in Paragraphs 1 through 41 are incorporated by reference as if fully restated herein.

43. The WC Policies are valid and enforceable contracts.

44. Pursuant to the WC Policies, Defendant was obligated to pay premiums owed.

45. Travelers Property demanded that Defendant pay the outstanding balance of premiums owed under the WC Policies.

46. Defendant breached its obligations under the WC Policies by refusing to pay the outstanding premiums.

47. As a direct and proximate result of Defendant's breach of the WC Policies, Travelers Property has sustained damages in an amount of $74,715.76.

## SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT (AUTO POLICIES)

48. The allegation contained in Paragraphs 1 through 47 are incorporated by reference as if fully restated herein.

49. The Auto Policies are valid and enforceable contracts.

50. Pursuant to the Auto Policies, Defendant was obligated to pay premiums owed.

51. Travelers Casualty demanded that Defendant pay the outstanding balance of premiums owed under the Auto Policies.

52. Defendant breached its obligations under the Auto Policies by refusing to pay the outstanding premiums.

53. As a direct and proximate result of Defendant's breach of the Auto Policies, Travelers Casualty has sustained damages in an amount of $19,116.90.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in favor of Plaintiffs in an amount in excess of $75,000.00 for its actual damages plus interest at the legal rate of 8% per annum from June 24, 2019, until paid; that Plaintiffs recover costs and expenses incurred in this action; and that Plaintiffs have and receive any other relief the Court deems just and proper.

This the 10th day of November, 2021.

    **/s/ DIANE PAPPAYLIOU**
    **NC State Bar No. 50921**
    **Attorneys for Plaintiffs**
    **BUTLER SNOW, LLP**
    **6752 Rock Spring Road, Suite 310**
    **Wilmington, NC 28405**
    **PH: (910) 550-1320**
    **FAX: (910) 550-1321**
    **Email: Diane.Pappayliou@butlersnow.com**